IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANNE ROBERTS, | ) | CASE NO. 5:12CV1308 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | MEMORANDUM OPINION & ORDER |

Plaintiff Jo Anne Roberts ("Roberts") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Roberts' claim for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is vacated and the case is remanded for further proceedings consistent with this opinion.

**I. Procedural History**

In November, 2008, Roberts filed an application for POD, DIB, and SSI alleging a disability onset date of February 2, 2004, and claiming that she was disabled due to affective and back disorders. (Tr. 72-75.) Her application was denied both initially and upon reconsideration. Roberts timely requested an administrative hearing.

On December 7, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Roberts, represented by counsel, and an impartial vocational expert ("VE") testified. On December 22, 2010, the ALJ found Roberts was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. The ALJ's decision became final when

the Appeals Council denied further review.

## II. Evidence

*Personal and Vocational Evidence*

Age 50 at the time of her administrative hearing, Roberts was then a "person closely approaching advanced age" under social security regulations. *See* 20 C.F.R. §§ 404.1563(d) & 416.963(d). Roberts has a high school education and past relevant work as a bakery manager, child daycare worker, crossing guard, and seamstress. (Tr. 19.)

*Hearing Testimony*

At the hearing, Roberts testified to the following:[1]

- After her left hip ball decayed at age 14, she received a new one, but she suffered with hip pain throughout her life. (Tr. 59.) Within the last five or six years, the pain has increased. *Id*.

- She had knee surgery about thirteen years ago, which did not seem to help. (Tr. 60.) Her knee pain is worse, especially on the right and she is unable to kneel or stoop. *Id*.

- She also experiences neck pain, which has worsened in the past six months. (Tr. 59-60.) She has nerve damage on both sides of her neck. *Id*.

- Over the last three years, she gained approximately twenty pounds due to inactivity and her medications. (Tr. 52.)

- She has never been addicted to drugs, but she did take pain pills that were not prescribed to her when she did not have a doctor. (Tr. 58.)

- She can sit approximately thirty minutes at a time (Tr. 57) and then would have to stand for about ten to fifteen minutes before sitting again. (Tr. 56.) She cannot lift more than a pound – even a pot of coffee is too heavy. *Id.*

- Her son helps her with the housework as she has difficulty doing chores. (Tr. 63.)

After the VE described Roberts' past work, the ALJ posed the following hypothetical:

I want you to consider an individual of the same age, education and work experience as the claimant, limited to a stand/walk of six hours and sit for up to six hours in an eight-hour workday with normal breaks. Lift no more than 50 pounds occasionally and 25 pounds frequently.

With the following postural limitations: Occasional ladders, ropes and scaffolds,

---

[1]The Court notes that the hearing transcript is out of order as the original page numbers are not in sequence. While reading the transcript is confusing, the misnumbering does not change the citations to the record.

>frequent ramps and stairs, frequent balance, stooping, kneeling, crouching, crawling. Could an individual with these limitations perform the claimant's past work as it is actually performed or generally performed per the DOT?

(Tr. 66.) The VE testified that the hypothetical person could perform Robert's past work as well as other jobs including a personnel scheduler, an order clerk, and invoice clerk (all sedentary, semi-skilled positions), as well as a packager machine, crater liner, and threading machine tender (all medium, unskilled positions). (Tr. 68.)

>The ALJ posed a second hypothetical adding the following limitations:
>
>In that work would be limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions and routine workplace changes, as well as limiting the hypothetical individual to occasional contact with the public, supervisors and coworkers. Would that have any effect on those jobs?

(Tr. 68-69.) The VE testified that such an individual would not be able to perform Robert's past relevant work, but would be able to perform the medium, unskilled positions. (Tr. 69.)

>The ALJ posed a third hypothetical as follows:
>
>Considering a hypothetical individual of the same age, work experience and education as the claimant; limited to lifting up to five pounds occasionally, stand and walk for two hours and sit for up to one hour in an eight-hour workday, would have bilateral limitation with push/pull limited to never and also – would also have no bending. Additional limitation would be a bilateral limitation limited to – for reaching, to occasional. So, occasional bilateral reaching.
>
>The hypothetical individual will also have no repetitive foot controls. And, again, this individual would be limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements and only simple work-related decisions and routine workplace changes. And this individual would also only be able to occasionally maintain attention and concentration for extended periods or perform activities within a schedule, maintaining regular attendance and being punctual within customary tolerances. And would also occasionally be limited to traveling in unfamiliar places or using public transportation or to setting realistic goals or making plans independent of others. So, these limitations for that hypothetical individual would be occasional.

(Tr. 69-70.) The VE testified that such an individual would be unemployable. (Tr. 70.)

### III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a

3

continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[2]

A claimant is entitled to a POD only if: (1) she had a disability; (2) she was insured when she became disabled; and (3) she filed while she was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Roberts was insured on her alleged disability onset date, February 2, 2004, and remained insured through December 31, 2007. (Tr. 10.) Therefore, in order to be entitled to POD and DIB, Roberts must establish a continuous twelve month period of disability commencing between those dates. Any discontinuity in the twelve month period precludes an entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner,* 381 F. 2d 191, 195 (6th Cir. 1967).

A disabled claimant may also be entitled to receive SSI benefits. 20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

### IV. Summary of Commissioner's Decision

The ALJ found Roberts established medically determinable, severe impairments, due to degenerative disc disease of the cervical spine, levoscoliosis of the thoracic spine, bilateral hip and knee pain, depressive disorder, and personality disorder; however, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P,

---

[2]The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

App. 1. Roberts was found incapable of performing her past work activities, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of medium work. The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Roberts was not disabled.

## V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281

(6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

### VI. Analysis

Roberts contends that the ALJ committed reversible error when he did not consider her appropriate age category. (Doc. No. 13 at 18-19.) She asserts that at the time of the hearing she was fifty years old and, therefore, "closing approaching advanced age." 20 CFR §§ 404.1563(c)(d) & 416.963(c)(d).

The Commissioner avers that the VE considered all the evidence, including Roberts' age at the time of the hearing. The Commissioner also maintains that Roberts' age is irrelevant in finding her "not disabled," as the grid rules rely on other vocational factors rather than the age of the claimant. (Doc. No. 16 at 19.)

Regarding the Commissioner's contention that age is irrelevant, Roberts asserts that the Commissioner misunderstood her argument as the case was not decided by the use of the grid tables, but by the testimony of a VE. Roberts asserts that the error occurred when the ALJ failed to ask the VE a hypothetical question that differentiated between an individual who was under the age of 50 and an individual who had reached 50. (Doc. No. 17 at 4.)

The Sixth Circuit has held that the relevant time for determining a claimant's age in

6

applying the regulations is the date of the ALJ's decision.  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987).  The regulations define a "younger person" and a "person closely approaching advanced age" as follows:

> (c) If you are a younger person (under age 50), we generally do not consider that your age will seriously affect your ability to adjust to other work.  However, in some circumstances, we consider that persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45.  See Rule 201.17 in appendix 2.
>
> (d) Person closely approaching advanced age.  If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.

20 CFR §§ 404.1563(c),(d) & 416.963 (c),(d).  For a person closely approaching advanced age, the regulations direct the Commissioner to consider whether the age, along with severe impairments and limited work experience, may seriously affect the ability to adjust to other work.  20 CFR §§ 404.1563(d) & 416.963(d); *see Fustini v. Comm'r of Soc. Sec.*, 2011 WL 1336669, at 4-5 (E.D. Mich. Mar. 16, 2011); *Crook v. Barnhart*, 244 F.Supp.2d 1281, 1283 (N.D. Ala. 2003); *Overstreet v. Astrue*, 2012 WL 1946719 (N.D. Ala. May 29, 2012).

Here, at the time Roberts filed her application for disability she was a "younger person."  However, by the hearing date on December 7, 2010, Roberts was 50 years old and, therefore, a "person closely approaching advanced age."  At the hearing, the ALJ posed a series of hypotheticals, all asking the VE to consider an individual of the same age as Roberts, but the ALJ did not mention her age or that she had changed categories.  (Tr. 66.)  Specifically, the ALJ did not ask the VE to consider as a vocational factor the hypothetical claimant's classification as one closely approaching advanced age.  *See Jolly v. Barnhart*, 465 F.Supp.2d 498, 505 (D. S.C. 2006)[3] (Although the regulations do not require consideration of age as a vocational factor if the claimant is a "younger person," failing to consider a claimant's age as a vocational factor when

---

[3]In *Jolly*, the ALJ's hypothetical question to the VE did not address any age.  *Id*. at 505.  The court concluded that because the VE did not explicitly consider a significant vocational factor, the VE's opinion did not constitute substantial evidence.  *Id*.

the claimant is "closely approaching advanced age" is error.) Moreover, in the ALJ's decision, after referencing Roberts to be 49 (Tr. 14), he referred to Medical-Vocational Rule 203.29 which is applied to younger individuals who could perform medium work. (Tr. 20.) The ALJ thus failed to recognize that the claimant was 50 at the time of the hearing. The ALJ did ask the VE to consider "a hypothetical individual of the same age," yet the Court cannot tell from the record that the VE recognized Roberts' recent birthday. "[A court] cannot uphold a decision by an administrative agency ... if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). Because the ALJ did not provide an analysis that is sufficiently specific regarding Roberts' true age, her argument is well-taken. As such, the Court cannot find that the VE's opinion constitutes substantial evidence in support of the ALJ's determination.[4]

Roberts further contends that the ALJ improperly evaluated the opinions of her treating physicians and an occupational therapist. (Doc. No. 13 at 13-18.) The Court, however, will not address these issues as it has found remand is necessary on other grounds. When substantial evidence does not support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. The Court, therefore, concludes that remand is required under "sentence four" of 42 U.S.C. § 405(g).[5]

### VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported

---

[4]The Court notes that under Title II, Roberts was insured only through December 31, 2007, while she was a "younger person" under the regulations. Nonetheless, in determining disability under Title XVI, the ALJ was required to "consider that persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45." 20 CFR §§ 404.1563(c) & 416.963(c).

[5]Under sentence four of 42 U.S.C. § 405(g), the district court has the authority to reverse, modify, or affirm the decision of the Commissioner. This may include a remand of the case back to the Commissioner for further analysis and a new decision. A sentence four remand is a final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 97-102, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

by substantial evidence. Accordingly, the decision of the Commissioner is vacated and the case is remanded, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings consistent with this opinion.

    IT IS SO ORDERED.

                                                  s/ Greg White
                                                  United States Magistrate Judge

Date:   March 6, 2013